### JOHN W. SMART *vs.* LOUIS F. HAASE.

Third Judicial District, New Haven, January Term, 1907.

BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

In an action by the tenant of a hotel against his landlord to recover water rents which the former had been obliged to pay to the city, the complaint, as amended, alleged that for many years it had been the generally known· and established rule and practice in that city for the owner and lessor of leased buildings to pay the water rents. *Held:*—

1. That if an allegation of the local custom had not been inserted, the complaint would have failed to state a good cause of action.
2. That such averment was sufficient in respect to the defendant's knowledge of the custom, and also that the custom applied to hotels.
3. That it could not be said upon demurrer and without any settlement of the facts, that the alleged custom was unreasonable and inconsistent with public policy and with legal principles.

Argued January 16th—decided March 15th, 1907.

ACTION by a tenant against his landlord to recover water rents paid by the tenant to the City of Waterbury, brought to the District Court of Waterbury where a demurrer to the complaint was *pro forma* sustained (*Cowell, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

*Lucien F. Burpee*, for the appellant (plaintiff).

*Nathaniel R. Bronson*, for the appellee (defendant).

PER CURIAM. The plaintiff is the lessee and occupant of a hotel building. The defendant is the lessor and owner of that building. The cause of action which the complaint purports to state is this : 1. The defendant by force of a contract of lease as set forth, made in reference to the facts and circumstances as set forth, including a local custom in the city of Waterbury relating to the conduct of the business of leasing and renting buildings, assumed a legal duty to the plaintiff to pay to the city the rents charged against the defendant for water furnished to his building, leased to the plaintiff. 2. The defendant refused to pay a bill for water used on said premises, amounting to $250, which was presented to him by the city on November 1st, 1904. 3. By reason of such refusal the plaintiff was compelled to pay the bill due from the defendant in order to prevent a great injury to the plaintiff's business necessarily involved by continued nonpayment of the bill.

The complaint as first framed contained no allegation of a local custom, and the defendant demurred to the complaint because the facts alleged stated no cause of action. The plaintiff thereupon amended his complaint by adding the following paragraph : —

" It has for many years been the generally known and established rule and practice in said city, and the generally known and established general usage and custom therein, *that the city authorities should charge against the owner and lessor of leased premises, and not against the tenant or lessee, all water rents for water furnished to such premises, and to hold him, and not the tenant or lessee, liable for the same, and* that such owner and lessor, and not the tenant or lessee, should pay such water rents."

The italicized words in the above paragraph were struck out by order of court. The defendant then refiled his demurrer, adding to the reasons of demurrer applicable to the complaint as it stood before the amendment, three reasons specially applicable to the complaint with the amendment.

The trial court erred in sustaining this demurrer *pro forma;* it should have been overruled. It is true that the complaint did not state a good cause of action without the amendment alleging a custom, but the reasons specified for the insufficiency of the complaint with the amendment are not well taken. The first is that the complaint does not allege the defendant's knowledge of the custom. We think the allegation made is sufficient in this respect. The second is that it is not alleged that the custom applied to hotel buildings ; it was sufficient to allege that it applied to all buildings. The third is a general statement that the custom alleged is unreasonable, inconsistent with public policy and with the principles of law. We cannot say that under the amendment as it now stands the plaintiff may not prove, without fatal variance, a custom which, in connection with proof of the other facts alleged, will constitute a cause of action. The case calls for a settlement of the allegations of fact.

There is error ; the judgment of the District Court is reversed and the cause remanded for further proceedings according to law.